CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 15 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5:09CR00018 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| JAMES RICHARD HACKLEY, IV, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | United States District Judge |

This case is presently before the court on the defendant's motion for a separate trial on Count Eleven of the superceding indictment. For the reasons set forth below, the defendant's motion will be denied.

### Background

On April 22, 2009, the defendant, James Richard Hackley, IV, was charged in a seven-count indictment returned by a grand jury in the Western District of Virginia. Count One charged the defendant with conspiring to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846. Counts Two through Seven charged the defendant with distributing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The defendant was arraigned and a jury trial was scheduled for July 7, 2009.

On June 18, 2009, a grand jury returned a superceding indictment against the defendant. In addition to the seven counts contained in the original indictment, the superceding indictment charged the defendant with using the mail or any facility of interstate commerce in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958 (Count Eight); solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373 (Count Nine); tampering with a witness, in violation of 18 U.S.C. § 1512 (Count Ten); and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count Eleven).

According to the superceding indictment, Counts Eight, Nine, and Ten relate to the defendant's efforts to have a trial witness murdered. The indictment alleges that, between March of 2009 and April 21, 2009, the defendant solicited Informant A to murder Witness A in order to prevent Witness A from testifying against the defendant; that the defendant used the mail in furtherance of the murder-for-hire scheme; and that he promised and agreed to pay something of value (specifically, a motorcycle) as consideration for the commission of the murder.

The superceding indictment also charges the defendant with possessing a .380 caliber semi-automatic pistol after having been convicted of a felony (Count Eleven). Although the superceding indictment offers no explanation of how this offense is connected to the other charged offenses, the government has provided additional information in this regard in response to the defendant's motion. According to the government, the defendant told a confidential informant that he had a .380 caliber pistol and that he was willing to provide it to anyone who would kill Witness A. The government further alleges that, during a discussion regarding the manner in which the defendant wanted Witness A murdered, the defendant told an undercover agent that he had a .380 caliber pistol at his girlfriend's house.

## Discussion

The defendant argues that the joinder of Count Eleven with the other counts was improper under Rule 8(a) of the Federal Rules of Criminal Procedure. Alternatively, the defendant asks the court to exercise its discretion to order severance under Rule 14(a) of the Federal Rules of Criminal Procedure.

2

I.    **Propriety of Joinder under Rule 8(a)**

Rule 8(a) "permits very broad joinder because of the efficiency in trying the defendant on related counts in the same trial." United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005) (internal citation and quotation marks omitted). The rule provides that an indictment may charge a defendant in separate counts with two or more offenses if the offenses are (1) "of the same or similar character"; (2) "based on the same act or transaction"; or (3) "connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The United States Court of Appeals for the Fourth Circuit has "interpreted the latter two prongs of this rule flexibly, requiring that the joined offenses have a 'logical relationship' to one another." Cardwell, 433 F.3d at 385 (quoting United States v. Hirschfeld, 964 F.2d 318, 323 (4th Cir. 1992)).

Applying these principles, and having considered the additional information proffered by the government,* the court concludes that the offense of being a felon in possession of a firearm (Count Eleven) is logically related to the murder-for-hire and solicitation offenses charged in Counts Eight and Nine, and thus, that it was properly joined under Rule 8(a). To establish solicitation under 18 U.S.C. § 373, the government must demonstrate that the defendant "had the intent for another to commit a crime of violence." Cardwell, 433 F.3d at 390. Similarly, the federal murder-for-hire statute, 18 U.S.C. § 1958, "requires an 'intent that a murder be committed.'" United States v. Morin, 80 F.3d 124, 126 (4th Cir. 1996) (quoting 18 U.S.C. § 1958)). According to the

---

\* See United States v. Sampson, Criminal Action No. 3:05CR00011, 2006 U.S. Dist. LEXIS 19343, at *7 (W.D. Va. Mar. 2, 2006) (Moon, J.) (holding that the court could consider the government's proffer of facts when ruling on the defendant's motion to sever); see also United States v. Dominguez, 226 F.3d 1235, 1240 (11th Cir. 2000) ("It is enough that when faced with a Rule 8 motion, the prosecutor proffers evidence which will show the connection between the charges."); United States v. Halliman, 923 F.2d 873, 883 (D.C. Cir. 1991) ("[T]he government need not demonstrate the propriety of its joinder decisions on the face of the indictment.").

3

government, the defendant indicated that he possessed a .380 caliber pistol and that he would provide it to anyone who would kill Witness A. The defendant's expressed willingness to have the pistol used to kill Witness A is probative of an intent that a murder or crime of violence be committed, and thus, supplies a logical connection between Counts Eight and Nine and the felon-in-possession charge. See, e.g., United States v. Lee, 549 F.3d 84, 94 (2d Cir. 2008) (affirming the district court's denial of a motion to sever a murder-for-hire conspiracy count from a felon-in-possession count, where the handgun found by police was both the basis for the felon-in-possession charge and an instrumentality of the murder-for-hire conspiracy).

## II. Severance under Rule 14(a)

The defendant alternatively asks the court to exercise its discretion to order severance of Count Eleven. Under Rule 14(a) of the Federal Rules of Criminal Procedure, the court may order separate trials of counts "[i]f the joinder of offenses . . . appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). A party seeking severance under Rule 14 must demonstrate a "strong showing of prejudice." United States v. Mir, 525 F.3d 351, 357 (4th Cir. 2008) (internal citation and quotation marks omitted). When offenses are properly joined under Rule 8(a), the court should grant a severance under Rule 14 "only if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). "It is not enough for the defendant to show that severance offers him 'a better chance of acquittal.'" Cardwell, 433 F.3d at 387 (quoting United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995)).

Applying these principles, the court concludes that severance is not warranted in the instant case. While the defendant asserts that the evidence of a prior felony conviction necessary to prove

4

Count Eleven will invariably prejudice him with respect to all other counts, the court is unpersuaded by this argument. The defendant has indicated that he will stipulate to the existence of a prior felony conviction for purposes of Count Eleven. Consequently, "[k]eeping the facts about the felony (if not the fact of the felony) from the jury [will likely] diffuse any passions that would be aroused by specific evidence of the defendant's felonious past." Cardwell, 433 F.3d at 388. Moreover, as the Fourth Circuit noted in Mir, supra, "any prejudice resulting from a single trial on multiple counts can be cured by other, less restrictive means than severance," such as by providing limiting instructions to the jury. Mir, 525 F.3d at 357-358. Given the availability of alternative remedies to eliminate the risk of undue prejudice to the defendant, the court concludes that the defendant's request for severance must be denied.

### Conclusion

For the reasons stated, the court will deny the defendant's motion for a separate trial on Count Eleven of the superceding indictment. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 15th day of October, 2009.

_____
United States District Judge