CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 10 2015

JULIA C. DOOLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 5:09CR00018 |
| | (Civil Action No. 5:13CV80649) |
| v. | |
| | **MEMORANDUM OPINION** |
| JAMES RICHARD HACKLEY, IV, | |
| | By: Hon. Glen E. Conrad |
| Defendant. | Chief United States District Judge |

James Richard Hackley, IV, a federal inmate proceeding pro se, has moved to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255. The government has filed a motion to dismiss, and Hackley has responded, making this matter ripe for consideration.[1] Upon review of the record, the court concludes that Hackley has not stated any claim for relief under § 2255 and that the government's motion to dismiss must be granted.

I.

On June 18, 2009, a federal grand jury sitting in Harrisonburg, Virginia charged Hackley in an eleven-count superseding indictment with conspiracy to distribute cocaine base, distribution of cocaine base, solicitation to commit murder for hire, murder for hire, obstruction of justice, and possession of a firearm by a convicted felon.[2] On September 20, 2009, Hackley

---

[1] In its memorandum opinion and order entered on July 23, 2014, the court concluded that Hackley was entitled to equitable tolling on the one-year statute of limitations in § 2255(f) and ordered the government to respond to the merits of his § 2255 motion.

[2] Count One alleged that between May 20, 2008 and August 20, 2008, Hackley conspired to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Counts Two through Seven alleged that on May 20, 2008, May 27, 2008, July 10, 2008, July 11, 2008, July 31, 2008, and August 20, 2008, respectively, Hackley distributed a measurable quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Count Eight alleged that between March 2009 and April 21, 2009, Hackley used the mail or interstate commerce to solicit murder for hire, in violation of 18 U.S.C. § 1958. Count Nine alleged that between March 2009 and April 21, 2009, Hackley solicited "informant A" to murder a witness in a federal prosecution, in violation of 18 U.S.C. § 373. Count Ten alleged that between March 2009 and April 21, 2009, Hackley attempted to arrange for the murder of a witness, to prevent such witness from testifying against Hackley regarding his criminal activity, in violation of 18 U.S.C. § 1512(c)(2). Count Eleven alleged that between August 19, 2008 and April 28, 2009, Hackley possessed a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

entered into a plea agreement, whereby he would plead guilty to Counts One, Nine and Eleven. (Plea Agreement at 1, ECF No. 32). The plea agreement included an agreed upon sentence of 240-months incarceration. (Id. at 3). However, on October 6, 2009, Hackley announced that he would not plead guilty pursuant to the plea agreement.[3] On October 21, 2009, following a three-day trial, a jury found Hackley guilty of all counts.

At the sentencing hearing on January 7, 2010, the court accepted the presentence investigation report ("PSR") without objection from either party. (Tr. Sent. Hr'g at 4, ECF No. 86). The PSR found that Hackley had a total offense level of 37 and a criminal history category of IV. The advisory guideline range for imprisonment was 292 to 365 months. United States Sentencing Guidelines Chapter 5, Part A. The court sentenced Hackley to 306-months incarceration for Counts One through Seven, and 120-months incarceration for Counts Eight through Eleven, to run concurrently. The United States Court of Appeals for the Fourth Circuit affirmed Hackley's convictions, and the Supreme Court of the United States denied certiorari review.

In his § 2255 motion, Hackley claims that counsel provided ineffective assistance by failing to (1) conduct adequate pre-trial investigation; (2) negotiate a favorable plea agreement; and (3) argue effectively for a downward departure from the sentencing guidelines. Hackley further claims that (4) the prosecution threatened witnesses during trial.

## II.

Criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate ineffective assistance of counsel, a convicted defendant must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. Id. at 687. Courts adopt a

---

[3] Hackley also made a motion for the court to appoint substitute counsel, which the court denied.

"strong presumption" that a counsel's actions fall within the "wide range of reasonable professional assistance." Id. at 689. Further, a convicted defendant must show that his counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." Id. at 687. To establish this level of prejudice, Hackley must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In analyzing ineffective assistance of counsel claims, the court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

### A. Pre-trial Investigation

Hackley claims that defense counsel failed to conduct adequate pre-trial investigation regarding Irvette Reaves' motive for testifying. Hackley asserts that Reaves only testified against him "to ensure that [Hackley] would not be able to engage in another romantic relationship after breaking off his relationship with Reaves." (Mot. to Vacate at 15, ECF No. 151-1). As evidence of this claim, Hackley references a letter from his mother, which states "Ms. Irvette Re[a]ves testified negative because my son, James R. Hackley was leaving her and she wanted to make sure no one else could get him." (Ex. F to Mot. to Vacate, ECF No. 151-7). Hackley asserts that "had counsel conducted adequate investigation, it is more likely than not that the firearm would not have been attributed to [him]" because Reaves' testimony would have been discredited. (Mot. to Vacate at 16, ECF No. 151-1.)

This claim fails because Hackley has not shown prejudice from counsel's allegedly deficient performance. Counsel subjected Reaves to cross-examination regarding her romantic relationship with Hackley, as follows:

> Q: . . . You testified that you had known him since 1995 or '96. Have you sort of been dating each other on and off since 1995 or '96.
> A: A couple times, twice through that time, yes.

3

> Q: Do you remember when the first time that you were dating was and how long that was?
> A: That was in '95.
> Q: And how long did you date then?
> A: I think until '98.
> Q: Did you break up at that time because –
> A: Yes, we did.
> Q: --because Mr. Hackley had been unfaithful to your relationship?
> A: Yes.
> Q: Now in August or the summer of 2008, were you sort of officially back together or not really? What was your status?
> A: You could say back together.
> Q: And you testified that you stopped visiting him in January?
> A: Yes, I did.
> Q: Because you saw another female that came to visit him?
> A: Yes, I did.
> Q: And that made you angry?
> A: Right.
> Q: That was basically the problem you had?
> A: All the time.
> Q: All the time.
> A: Uh-huh.
> Q: Still a little bit ticked off about it.
> A. Yeah.

(Trial Tr. at 257-259, ECF No. 85). Counsel established through cross-examination that Reaves, a former girlfriend of Hackley's, was still angry with him. Accordingly, any alleged failure by counsel to investigate Reaves' motives for testifying did not prejudice Hackley, because the jury was aware of Reaves' potential bias, and her possible unreliability as a witness.[4] Moreover, Hackley has failed to specify what testimony, if any, was untrue, or how the untrue testimony negatively affected his case. Thus, Hackley cannot establish prejudice under Strickland, and the court will dismiss this claim.

---

[4] Of course, the fact that counsel cross-examined Reaves regarding her romantic history with Hackley, including that she was angry with Hackley because of supposed infidelity, belies Hackley's claim that counsel failed to conduct a reasonable investigation.

4

### B. Plea Agreement

Hackley claims that counsel provided ineffective assistance by failing to negotiate a Rule 11(c)(1)(C) plea agreement. Specifically, Hackley appears to assert that counsel should have negotiated a plea agreement containing an agreed-upon sentence of ten to twelve years.

The United States Supreme Court has held that "defendants are 'entitled to the effective assistance of competent counsel'" during plea negotiations. Lafler v. Cooper, __ U.S. __, 132 S. Ct. 1376, 1384 (2012) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, __ U.S. __, 132 S. Ct. 1399, 1408 (2012). However, "a defendant has no right to be offered a plea. . . ." Id. at 1403.

This claim fails because Hackley has not alleged sufficient facts to rebut the presumption that counsel's strategic decisions with respect to plea negotiations fell within the "wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Indeed, counsel initially negotiated a plea agreement with an agreed-upon sentence of 240 months. (ECF No. 32). Hackley signed this plea agreement, but subsequently changed his mind and elected to proceed to a jury trial. (ECF No. 34). Hackley does not allege that the government made any other plea offer. In fact, the government asserts in its motion to dismiss that "given the strength of the government's evidence and Hackley's other charges, including solicitation for murder and murder for hire, the government would not have offered Hackley a sentence in the ten to twelve year range." (Mot. to Dismiss at 10, ECF No. 160). Thus, Hackley's conclusory statements that counsel's "failure to ensure" he was offered a plea agreement with a sentence of ten to twelve

5

years constituted ineffective assistance, fails to rebut the presumption that counsel acted reasonably.[5] Accordingly, this claim will be dismissed.

## C. Sentencing

Hackley argues that counsel provided ineffective assistance by failing to effectively argue for a downward departure from the sentencing guidelines. Hackley contends his case was "prime for a downward variance" because of his young age, minor criminal history, family support, work history, the relatively small amount of drug weight involved, and the "totality of the circumstances surrounding the alleged murder for hire." (Mot. to Vacate at 24, ECF No. 151-1).

Hackley's claim is without merit because he fails to show deficient performance of counsel. At the sentencing hearing, counsel made a number of arguments in support of mitigation, including specific references to family support, low drug weight, steady work history, criminal history, and the circumstances surrounding Hackley's murder for hire conviction. Counsel asked the court for a sentence of 240 months, which constitutes a downward variance from the guidelines. (Tr. Sent. Hr'g at 13, ECF No. 86). In support of this, counsel noted that both Hackley's mother and sister were present at the sentencing hearing, and that his mother had attended a good deal of his trial. (Id. at 5). Counsel emphasized the low drug weight involved, stating there, "was a very small amount of drugs . . . the total drug weight was right around five grams of crack cocaine." (Id. at 14). Counsel pointed out to the court that Hackley had "a very good work history" and had been paying regular child support. (Id. at 16, 23). Counsel also

---

[5] Hackley does not allege that counsel provided ineffective assistance regarding Hackley's decision to reject the plea offer with an agreed upon sentence of 240 months. Hackley does not contend he would have accepted that plea offer had counsel provided effective assistance; instead, Hackley maintains that counsel should have secured a plea agreement with a shorter agreed upon sentence. See Frye, 132 S. Ct. at 1403. ("To show prejudice where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability both that they would have accepted the more favorable plea offer had they been afforded effective assistance of counsel and that the plea would have been entered without the prosecution's canceling it or the trial court's refusing to accept it. . . .").

6

addressed the circumstances surrounding the murder for hire charge, arguing "it was really more a crime of opportunity than anything else" and the "realistic likelihood of Hackley being able to successfully plan and carry out this offense was really slim to none." (Id. at 18). Finally, counsel argued that the criminal history category of IV "overstates the seriousness" of Hackley's criminal history. (Id. at 24). Counsel noted that the only previous conviction for which Hackley received a substantial jail sentence occurred in 1992, and he served only one and a half years. Id. Moreover, as stated by the court at the sentencing hearing, the PSR included a "good summary of [Hackley's] personal history, family ties, employment record, criminal history, and offense conduct. . . ." (Tr. Sent. Hr'g at 4, ECF No. 86). Hackley did not object to the PSR at the sentencing hearing, nor does he claim that his counsel should have objected to the PSR.

Hackley's claims that counsel was ineffective for failing to argue for mitigation is baseless, as a review of the sentencing hearing transcript shows that counsel argued at length in support of mitigation.[6] Accordingly, Hackley fails to show deficient performance under Strickland, and this claim will be dismissed.

### D. Alleged Intimidation of Witness

Hackley alleges, without support, that "during the trial, the prosecution threatened witnesses with loss of custody of their children and loss of their jobs should they testify in a manner detrimental to the prosecution." (Mot. to Vacate at 19, ECF No. 151-1). However,

---

[6] Hackley's allegations that counsel was ineffective for failing to argue that the murder for hire conviction involved falsified testimony, government entrapment, and selective and vindictive prosecution, also lack merit. During trial, counsel argued for a jury instruction on entrapment, which the court refused. (Tr. of Arg. on Entrapment, ECF No. 104). Hackley does not explain how counsel's argument regarding this issue would have helped him at sentencing. Moreover, the United States Court of Appeals for the Fourth Circuit found that the district court did not err when it denied Hackley a jury instruction on entrapment. United States v. Hackley, 662 F.3d 671, 681-82 (4th Cir. 2011). Further, Hackley's allegations of falsified testimony, and selective and vindictive prosecution are unsupported and conclusory. See United States v. Turcotte, 405 F.3d 515, 537 (7th Cir. 2005) ("[U]nsubstantiated and largely conclusory statements fall far short of carrying" a petitioner's burden as to the two prongs of the Strickland test.).

7

Hackley fails to identify any of the witnesses or the prosecutors in question. Nor has Hackley indicated how the alleged threats affected the witnesses' testimony. In sum, Hackley has included no information regarding how the alleged prosecutorial misconduct might have affected the outcome of his trial. Because Hackley presents no evidence in support of this claim, it will be dismissed. See Nickerson v. Lee, 971 F. 2d 1125, 1136 (4th Cir. 1992) (A habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petition to an evidentiary hearing.), cert. denied, 507 U.S. 923 (1993).

### III.

For the reasons stated herein, the court will grant the government's motion to dismiss. An appropriate order will be entered this day.

**FILED:** This 10th day of April, 2015.

                                                  _/s/ Glen Conrad_
                                                  Chief United States District Judge