CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 6 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 5:09CR00018-01 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JAMES RICHARD HACKLEY, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

On October 21, 2009, a jury convicted the defendant, James Richard Hackley, of several offenses related to his sale of cocaine base to a government informant and his subsequent efforts that have that informant murdered. He was subsequently sentenced to a term of imprisonment of 306 months. The defendant has now moved for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. For the following reasons, the motion must be denied.

Pursuant to its statutory authority, the United States Sentencing Commission has amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines, which provides the base offense levels for most federal controlled substance offenses (Amendment 782). The Sentencing Commission has further decided that, effective November 1, 2015, the amended guideline provisions will apply retroactively to defendants who were sentenced under prior versions of the guidelines and who are still incarcerated. The practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving controlled substances may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

In this case, due to the multiple counts of conviction, the court determined the defendant's combined offense level by grouping the counts pursuant to § 3D1.2 of the Sentencing Guidelines, and then applying the offense guideline applicable to the defendant's conviction under 18 U.S.C. § 373

(solicitation to commit for hire), § 2A1.5, since that guideline produced the highest offense level. See U.S.S.G. § 3D1.4 ("The combined offense level is determined by taking the offense level applicable to the Group with the highest offense level and increasing that offense level by the amount indicated in the following table . . . ."). Thus, the calculation of the defendant's combined offense level and resulting custody range were driven by his conviction under 18 U.S.C. § 373, rather than the quantity of cocaine base for which he was held responsible. As a result of the defendant's conviction under 18 U.S.C. § 373 and the grouping rules, the defendant is still subject to a base offense level of 33 under § 2A1.5, and Amendment 782 does not alter that provision. Because Amendment 782 does not have the effect of lowering the defendant's applicable guideline range, the court is not authorized to reduce the defendant's sentence. See U.S.S.G. § 1B1.10 app. n. 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range . . . ."). For these reasons, the defendant's motion for reduction in sentence based on Amendment 782 must be denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 16th day of July, 2015.

_____
Chief United States District Judge

2

Case 5:09-cr-00018-GEC   Document 178   Filed 07/16/15   Page 2 of 2   Pageid#: 1483